# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2023

Lyle W. Cayce
Clerk

No. 22-30460

Carmen A. Spears,

*Plaintiff—Appellant*,

*versus*

Nanaki, L.L.C., doing business as Days Inn & Suites by Wyndham Kinder,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-3788

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Carmen Spears has alleged that Defendant-Appellee Nanaki LLC d/b/a Days Inn & Suites by Wyndham Kinder ("Nanaki"), upon learning that she was pregnant, terminated her employment, or otherwise revoked its job offer, in violation of Title VII of the Civil Rights Act of 1964. In response to Spears' complaint, Nanaki filed

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, asserting that the court lacked subject matter jurisdiction because Nanaki did not have the fifteen employees required by Title VII, 42 U.S.C. § 2000e(b). The district court agreed, treating § 2000e(b)'s numerical threshold as a jurisdictional requirement rather than a substantive element of Spears' Title VII claim.

In *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006), however, the Supreme Court held that the numerosity requirement in § 2000e(b) is *not* jurisdictional. Despite Nanaki's criticism of that ruling, it stands. *See Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 n.1 (5th Cir. 2013) (under *Arbaugh*, district court erred in treating motion as a jurisdictional, rather than evidentiary, challenge). Indeed, the Supreme Court has employed the same approach in evaluating other statutory requirements. *See, e.g., Reed v. Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161–69 (2010) (employing *Arbaugh* analysis in concluding that 17 U.S.C. § 411(a)'s registration requirement does not restrict subject matter jurisdiction). We have done the same. *See, e.g.*, *Biziko v. Van Horne*, 981 F.3d 418, 421 (5th Cir. 2020) (utilizing *Arbaugh* analysis in concluding that enterprise element of 29 U.S.C. § 203(s)(1)(A) is nonjurisdictional); *Gulf Restoration Network v. Salazar,* 683 F.3d 158, 172–74 (5th Cir. 2010) (utilizing *Arbaugh* analysis in concluding that 43 U.S.C. § 1349(c)(3)(A) is nonjurisdictional). Thus, the district court erred in its Rule 12 (b)(1) jurisdictional assessment.

Nanaki's motion also seeks dismissal under Rule 12(b)(6). Dismissal under Rule 12(b)(6) is warranted if the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating motions to dismiss filed under Rule 12(b)(6), the court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v.*

No. 22-30460

*Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th. Cir. 1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to or incorporated by reference in the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hurst Trust,* 500 F.3d 454, 461, n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640, n. 2 (5th Cir. 2005).[1]

Here, Spears' complaint alleges, on information and belief, that Nanaki has employed fifteen employees for the requisite period of time. However, because the district court concluded that dismissal under Rule 12(b)(1) for lack of jurisdiction was appropriate, it did not evaluate the merit of Nanaki's motion to dismiss under Rule 12(b)(6). Thus, that assessment will be necessary on remand.

Having concluded that the district court improperly dismissed Plaintiff-Appellant Carmen Spears' Title VII claims for lack of subject matter jurisdiction, we REVERSE the district court's May 23, 2022 judgment of dismissal and REMAND this matter for further proceedings consistent with this opinion.

---

[1] When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000).